```
                                                              FILED
                                                     2019 Sep-24  PM 03:27
                                                     U.S. DISTRICT COURT
                                                        N.D. OF ALABAMA
```

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DONALD C. KENDRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 4:18-CV-00550-SGC |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, Commissioner, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**[1]

The plaintiff, Donald Kendrick, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Kendrick timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be affirmed.

## **I. Procedural History**

Kendrick has a tenth grade education and has previously been employed as a highway worker, pet supply salesperson, and store laborer. (Tr. at 23, 187). In his application for DIB, Kendrick alleged he became disabled on September 27, 2015,

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 16).

as a result of osteoarthritis, a knee replacement, surgery on both elbows, four surgeries on his left shoulder, and depression. (*Id.* at 81-82). After his claims were denied, Kendrick requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 99-100). Following a hearing, the ALJ denied Kendrick's claims. (*Id.* at 16-25). Kendrick was fifty-five years old when the ALJ issued his decision. (*Id.* at 25, 81). After the Appeals Council denied review of the ALJ's decision (*id.* at 1-4), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Kendrick commenced this action. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). Furthermore, a claimant must show he was disabled between his alleged initial onset date and his date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090

(5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(i) and (b). At the first step, the ALJ determined Kendrick last met the Social Security Administration's insured status requirements on March 31, 2016, and did not engage in substantial gainful activity between his alleged disability onset date of September 27, 2015 and his date last insured. (Tr. at 18).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c). At the second step, the ALJ determined that through his date last insured Kendrick had the following severe impairments: obesity, status post-2015 right knee replacement, and osteoarthritis.

3

(Tr. at 18).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled. *Id.* at § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined Kendrick did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings through his date last insured. (Tr. at 20).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 404.1520(e). At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at § 404.1520(a)(4)(iv) and (e). If the claimant is capable of performing his past relevant work, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(iv).

Before proceeding to the fourth step, the ALJ determined that through his date last insured Kendrick had the RFC to perform light work with the following

4

limitations: he could never climb ladders, ropes, or scaffolds or work around hazards; he could only frequently climb ramps or stairs; and he could only occasionally kneel or crawl. (Tr. at 20).[2] At the fourth step, the ALJ determined Kendrick was not able to perform his past relevant work through his date last insured. (*Id.* at 23).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) and (g)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* at § 404.1520(a)(4)(v) and (g)(1).

At the fifth step, considering Kendrick's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy that Kendrick could have performed through his date last insured, such as those of marker, casing tier, and button reclaimer. (Tr. at 24).

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may require "a good deal of walking or standing . . . or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). A claimant must be able to do substantially all of these activities to be considered capable of performing a full range of light work. *Id.*

Therefore, the ALJ concluded Kendrick was not disabled through his date last insured. (*Id.* at 25).

## III. **Standard of Review**

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

**IV. Discussion**

On appeal, Kendrick argues the ALJ improperly discredited his testimony regarding his pain and other subjective symptoms. (Doc. 12).

A claimant may establish disability through testimony of pain or other subjective symptoms. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). To do so, he must satisfy the three-part "pain standard," by showing (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain or other subjective symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or other subjective symptoms. *Id.*; *see also Taylor v. Acting Comm'r of Soc. Sec. Admin.*, 2019 WL 581548, at *2 (11th Cir. 2019) (citing *Dyer*, 395 F.3d at 1210); 20 C.F.R. § 404.1529; SSR 16-3p.[3] A claimant's subjective testimony supported by medical

---

[3] SSR 16-3p applies to disability determinations made on or after March 28, 2016. *See*

7

evidence that satisfies the pain standard is sufficient to support a finding of disability. *Brown*, 921 F.2d at 1236 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1552 (11th Cir. 1986)).

An ALJ may discredit a claimant's testimony regarding his pain or other subjective symptoms provided he or she clearly articulates explicit and adequate reasons for doing so. *Brown*, 921 F.2d at 1236; *Taylor*, 2019 WL 581548, at *2 (citing *Dyer*, 395 F.3d at 1210). In evaluating a claimant's testimony and other statements regarding the intensity, persistence, and limiting effects of his symptoms, an ALJ considers all available evidence, including objective medical evidence; the type, dosage, and effectiveness of medication taken to alleviate symptoms; and treatment other than medication received to relieve symptoms. 20 C.F.R. § 404.1529(c).

The ALJ articulated multiple reasons for discrediting Kendrick's testimony regarding his pain and other symptoms. First, the ALJ determined Kendrick's testimony was not supported by the medical evidence for the period from Kendrick's alleged disability onset date (September 7, 2015) through Kendrick's date last insured (March 31, 2016). (Tr. at 21-22). Substantial evidence supports

---

*Contreras-Zambrano v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 700, 704 (11th Cir. 2018) (noting the version of SSR16-3p republished in October 2017 clarified SSA's adjudicators would apply SSR 16-3p to all determinations made on or after March 28, 2016, and that SSA expected federal courts to use version of rule in effect at time SSA issued decision under review). The ALJ issued the decision under review on December 6, 2017. (Tr. at 25).

that determination. Kendrick had a total knee replacement in June 2015, following a diagnosis of osteoarthritis, the symptoms of which were not managed with conservative treatment. Tr. at 305; *see also id.* at 372. Six weeks post-operation, Kendrick reported bilateral knee pain that affected his daily activities and ability to care for his mother. *Id.* at 283. Nonetheless, an examination of Kendrick's right knee revealed stability, good range of motion, and minimal swelling. *Id.*; *see also id.* at 287. Kendrick's orthopedic surgeon referred him to a chronic pain management specialist. *Id.* When Kendrick returned to his orthopedic surgeon in the fall of 2015, he complained of left knee pain, but he also reported he had been going to a pain clinic and that his pain was controlled. *Id.* at 281. Moreover, imaging of Kendrick's left knee was normal. *Id.* at 279-80.

In February 2016, Kendrick presented to his orthopedic surgeon with mild pain in his right knee and left elbow. *Id.* at 276. However, examinations and imaging of his right knee and left elbow were normal. *Id.* Also in February 2016, Kendrick presented to his orthopedic surgeon with moderate right foot pain following an injury. *Id.* at 274. However, an examination and imaging of his right foot were normal. *Id.* at 274-75.

Kendrick was treated at a pain clinic between August 2015 and May 2016. *Id.* at 313-62. During that period, Kendrick's musculoskeletal examinations were normal. *Id.* at 318-19, 328, 336, 343-44, 351-52, 360.

9

Additionally, while outside the relevant time period, the undersigned notes that when Kendrick presented to an emergency room in May 2017 with dizziness and weakness, he reported no musculoskeletal symptoms or pain and it was noted he had full strength and range of motion in his extremities, which were not tender. *Id.* at 405-06, 411-12.

Second, the ALJ determined reports Kendrick made to the pain clinic where he was treated indicate Kendrick is not as limited by his impairments as he alleges. *Id.* at 22. Substantial evidence also supports this determination. During a pain clinic appointment in March 2016, Kendrick reported his medication was working well and that he was satisfied with his ability to perform his activities of daily living and daily chores. *Id.* at 350. He made the same report on May 9, 2016. *Id.* at 358.

Kendrick emphasizes his repeated and consistent reports of knee pain and points to other evidence he claims supports his allegations of disabling pain and other subjective symptoms. (Doc. 12 at 8-11). However, as stated, the relevant question is not whether evidence supports Kendrick's argument, but whether substantial evidence supports the ALJ's determination. *See Moore*, 405 F.3d at 1213 (discussing "narrowly circumscribed" nature of appellate review).[4]

---

[4] In conclusion, Kendrick summarily claims the ALJ failed to fully and fairly develop the record. (Doc. 12 at 13). Because Kendrick does not submit any argument or cite any authority in support of this claim, the Commissioner argues Kendrick has waived the issue. (Doc. 17 at 15

Because the ALJ clearly articulated explicit and adequate reasons for discrediting Kendrick's testimony regarding his pain and other subjective symptoms and that determination is supported by substantial evidence, the ALJ did not commit error. *See, e.g., Wilson v. Barnhart*, 284 F.3d 1219, 1266 (11th Cir. 2002) (holding ALJ properly discredited claimant's testimony regarding his degree of impairment where that testimony was not consistent with objective medical evidence, daily activities, limited use of pain medication, and effectiveness of treatment).[5]

---

(citing *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue by failing to elaborate on claim or provide citation to authority))). Courts in this judicial district have questioned the applicability of the case cited by the Commissioner to briefs filed in federal district courts, as opposed to federal circuit courts of appeal. *See Clapper v. Comm'r of Soc. Sec.*, 2018 WL 4568615, at *6 n.9 (N.D. Ala. Sept. 24, 2018) (collecting cases). Even if Kendrick has not waived the issue, absent any indication what additional information Kendrick believes the ALJ should have sought, the undersigned cannot conclude the ALJ failed to fully and fairly develop the record, which included treatment notes and other medical evidence from multiple providers for the relevant period.

[5] At the conclusion of his argument regarding the ALJ's decision to discredit his testimony, Kendrick claims the ALJ should have applied Grid Rule 201.10. (Doc. 12 at 12-13). The "Grids," also known as the Medical-Vocational Guidelines, are found at 20 C.F.R. Part 404, Subpart P, App. 2. An ALJ may use them to determine at the fifth step whether other work exists in substantial numbers in the national economy that a claimant is capable of performing. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

> The [G]rids provide for adjudicators to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."

*Id.* at 1240. Grid Rule 201.10 directs a finding of disability for a claimant who meets certain age, education, and previous work experience requirements and is limited to sedentary work. 20 C.F.R. Part 404, Subpart P, App. 2, § 201.10. The ALJ determined Kendrick has the RFC to perform a limited range of light work. (Tr. at 20). That determination is supported by substantial evidence, including the evidence discussed above. Therefore, Grid Rule 201.10 does

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is due to be **AFFIRMED**. A separate order will be entered.

**DONE** this 24th day of September, 2019.

*Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

not apply to Kendrick.